Esperanza Cervantes Anderson | SBN 197953
**LAW OFFICE OF ESPERANZA CERVANTES ANDERSON**
1037 N. Allen Avenue
Pasadena, California 91104
Tel.:  (626) 486-2477
Fax:  (626) 389-8911
email:  esperanza@andersonlitigation.com

Attorney for Plaintiff
EDUARDO URIBE

Cynthia S. Sandoval (SBN 191390)
Lina Nasry (SBN 280576)
JACKSON LEWIS P.C.
5000 Birch Street, Suite 5000
Newport Beach, CA  92660
Tel: (949) 885-1360
Fax: (949) 885-1380
Email: sandovac@jacksonlewis.com
Email: Lina.Nasry@jacksonlewis.com

Attorneys for Defendant
BIMBO BAKERIES USA, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO URIBE,<br><br>         Plaintiff,<br><br>     v.<br><br>BIMBO BAKERIES USA, INC., a Delaware Corporation, and DOES 1 through 10, inclusive,<br><br>         Defendants. | Case No. 2:14-cv-05007-ABC-JPR<br><br>**JOINT STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE: CONFIDENTIALITY OF DOCUMENTS AND INFORMATION** |

     IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff EDUARDO URIBE ("Plaintiff") and Defendant BIMBO BAKERIES USA, INC. ("Defendant") (collectively, the "Parties"), by and through their respective undersigned counsel, as follows:

/ / /

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

WHEREAS Plaintiff has commenced an action against Defendant in the Superior Court of the State of California for the County of Los Angeles entitled *Eduardo Uribe v. Bimbo Bakeries USA, Inc.,* Case No. BC546458 (the "Action").

WHEREAS Defendant has removed the Action to the United States District Court for the Central District of the State of California, Case No. 2:14-cv-05007-ABC-JPR.

WHEREAS the Parties have served, and will in the future serve, discovery seeking the production of documents and information that they consider to be confidential, sensitive, proprietary business and/or financial information that may also include the proprietary business information of third parties including, but not limited to, confidential customer information, distribution information, and confidential financial information;

WHEREAS the Parties have also served, and will in the future serve, discovery seeking the production of documents and information that may implicate the constitutional privacy rights of the defendant, employees of the defendant, and/or third parties to this Action, including, but not limited to, personnel information;

WHEREAS the Parties maintain that discovery and pre-trial activities in the above-captioned action may entail the disclosure of business, financial and other information that is confidential, proprietary, commercially sensitive and/or a trade secret;

WHEREAS the Parties desire to allow necessary discovery while protecting the confidentiality of appropriate documents, discovery responses, deposition testimony and other information disclosed during the course of this Action.

WHEREAS the Parties have agreed to enter into a confidentiality agreement and protective order on the terms herein;

/ / /

JOINT STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE:
CONFIDENTIALITY OF DOCUMENTS AND INFORMATION

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

THEREFORE, in light of the foregoing, and in consideration of the terms, conditions, and mutual covenants and promises contained herein, the Parties hereby stipulate as follows:

1.     This stipulated confidentiality agreement and protective order ("Protective Order") shall govern the production, use and handling of confidential documents and information produced by any party or non- party in any form in the above-captioned action (collectively "Material").   Any party or non-party may designate as "Confidential" any documents, information or other things that contain proprietary business information which any party or non-party contends should be protected from disclosure pursuant to this Protective Order.

2.     Any Party or non-party producing or filing a document or thing in the above-captioned action (hereinafter, "Action") may designate it at the time of its production as subject to this Protective Order by designating the Material as Confidential by typing or stamping on each page so designated (without obscuring or defacing the Material) "Confidential," "Confidential Subject to Protective Order" or words of similar import ("Basic Confidential Material").   If a Party reasonably believes that the particular material to be produced or disclosed is of such a highly sensitive nature that its disclosure should be limited only to those persons identified in Paragraph 8, below, that party shall stamp on or otherwise permanently affix to such Material (without obscuring or defacing the Material) the designation "Confidential -- Counsel's Possession Only -- Subject to Protective Order" or words of similar import ("Counsel's Possession Only Confidential Material").   On rare occasion, if a Party reasonably believes that the particular material to be produced or disclosed is of such a highly sensitive nature that its disclosure should be limited only to those persons identified in Paragraph 9, below, that party shall stamp on or otherwise permanently affix to such Material (without obscuring or defacing the Material) the designation "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or words of similar import ("Attorneys' Eyes Only Confidential

JOINT STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE:
CONFIDENTIALITY OF DOCUMENTS AND INFORMATION

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

Material").   Basic Confidential Material, Counsel's Possession Only Confidential Material and Attorneys' Eyes Only Confidential Material shall hereinafter collectively be referred to as "Confidential Material."   The Parties agree to exercise good faith in evaluating whether materials should receive any Confidential Material designation pursuant to this Protective Order.

a.     Should any Party, counsel for any Party, or any person or entity not a party to the Action who obtains access to any Confidential Material make copies or duplicates of any Confidential Material, or any portion thereof, and if the Confidential Material designation is not clearly reproduced on the copies or duplicates as a result of the copying process, then the appropriate designation, Basic Confidential Material or Counsel's Possession Only Confidential Material, as the case may be, shall in that event also be stamped or affixed to such copies or duplicates, and the references in this Protective Order to Confidential Material shall be deemed to include and to apply to such copies or duplicates.

b.     Should any Party, counsel for any Party, or any person or entity not a party to this action who obtains access to Confidential Material make extracts or summaries of such Confidential Material, such extracts or summaries shall also be stamped with the appropriate designation.  Such extracts or summaries shall also constitute Confidential Material even if the extracts or summaries are not marked with a Confidential designation, and the references in this Protective Order to Confidential Material shall apply to such extracts or summaries.  This provision shall not include the notes of counsel.

c.     If it comes to a Party's or a non-party's attention that information or items that it designated as "Confidential" in fact do not qualify as "Confidential" pursuant to this Order, or do not qualify for the level of Confidentiality initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

JOINT STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE:
CONFIDENTIALITY OF DOCUMENTS AND INFORMATION

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

d.      If timely corrected, an inadvertent failure to designate qualified information or items as "Confidentia,l" "Highly Confidential – Attorney's Eyes Only," or  "Highly Confidential – Counsel's Possession Only" does not, alone, waive the designating party's right to secure protection under this Order for such material.   If material is appropriately designated as "Confidential," "Highly Confidential – Attorney's Eyes Only," or "Highly Confidential – Counsel's Possession Only" after the material was initially produced, all Parties, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

e.      This Protective Order shall apply to all Confidential Material so designated whether produced informally or in response to formal discovery requests, subpoenas or at deposition.

3.      The parties also agree that documents or other records produced by third parties pursuant to subpoena may be designated as Confidential Material by any party by that party giving written notice to the other parties within thirty (30) days after the documents are produced that he or it considers them Confidential Material.

4.      All Confidential Material subject to this Protective Order shall be used by the persons to whom it is disclosed solely for the prosecution and/or defense and/or settlement of the Action; it shall not be used by such persons for any other purpose not directly related to the Action, and at no time shall any Confidential Material be provided to any representative of the electronic, digital or print media, excluding those persons designated as experts and consultants pursuant to Paragraphs 7(c) and 8(b).  The Confidential Material shall not be used by any persons to whom disclosures are made, other than by the Party that produced it, for business or competitive purposes or in any other Action.  This paragraph shall not apply to the Court or his personnel.

- 5 -

5.     If, at any time, one of the Parties disagrees with or challenges the grounds or basis for the designation of any document or information as Basic Confidential Material or Counsel's Possession Only Confidential Material, that Party shall nevertheless treat and protect such Material in accordance with this Protective Order until and unless all Parties have agreed in writing, or an order of the Court has been entered and become enforceable, which provides that such challenged Confidential Material may be used or disclosed in a manner different from that specified in this Protective Order.  In the event of such a disagreement, the Party challenging the designation will have the burden of pursuing any relief desired in a motion filed in compliance with Local Rule 37 after first engaging in a meet and confer with the designating party as required by Local Rule 37.  The failure of any party to object to or challenge the designation of any discovery documents or information as "Confidential Information" pursuant to this Order is not an admission that such information is a trade secret or otherwise confidential.

6.     Nothing in this Protective Order shall preclude any Party from seeking and obtaining, upon a showing of good cause, additional protection with respect to the confidentiality of documents or other information, including, but not limited to, additional restrictions on disclosure to the Parties herein.

7.     Basic Confidential Material and its contents may only be disclosed to the following persons and subject to the following conditions:

a.     Counsel of record for the Parties to the Action, now or in the future, their respective associates, partners, law clerks, paralegals, legal assistants, secretaries, and other support staff who are actively engaged in assisting such attorneys in the prosecution or defense of the Action; provided, however, that the employees of such counsel to whom such access is permitted shall, prior to such access or disclosure, be advised of the provisions of this Protective Order and shall be instructed to comply with it;

JOINT STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE:
CONFIDENTIALITY OF DOCUMENTS AND INFORMATION

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

b.      The Parties, officers and current employees of the Parties only to the extent that they are responsible for the prosecution and/or defense of the Action, are actual or potential witnesses, or their knowledge of such information is otherwise necessary to enable the Parties to prepare for the hearing, to try the hearing, or to engage in appellate proceedings herein;

c.      Independent experts and consultants retained in the Action by a Party or the attorneys for a Party, provided, however, that the experts or consultants to whom such access is permitted shall, prior to such access or disclosure, be advised of the provisions of this Protective Order and shall be instructed to comply with it;

d.      Deposition reporters and their support personnel for purposes of preparing deposition transcripts;

e.      Any witness in a deposition in the Action, where Basic Confidential Material is relevant to the subject matter the deponent would be likely to have knowledge, provided, however, that any such witness, shall, prior to any disclosure, prior to such access or disclosure, be advised of the provisions of this Protective Order and shall be instructed to comply with it;

f.      The author(s), sender(s), addressee(s) and copy recipient(s) of the Basic Confidential Material;

g.      The person(s) mentioned in any document or tangible material designated as Basic Confidential Material, provided, however, that only that portion of the Basic Confidential Material that directly pertains to such person(s) shall be disclosed to them;

h.      The Court, case manager, reporters, or other personnel assigned to the Action;

i.      Any discovery referee that may be assigned to the Action;

JOINT STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE:
CONFIDENTIALITY OF DOCUMENTS AND INFORMATION

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

j.      Percipient witnesses called to testify at the hearing, but only for purposes of such hearing testimony.

8.      Counsel's Possession Only Confidential Material, or copies thereof, may be reviewed by the Parties, officers and current employees of the Parties to this Action (only to the extent that they are responsible for the prosecution and/or defense of this lawsuit, are actual or potential witnesses, or their whose knowledge of such information is otherwise necessary to enable the Parties to prepare for the hearing, to try the hearing, or to engage in appellate proceedings herein) to whom it is produced, but may not be held in the possession of the Party to whom it is produced.

a.      Counsel's Possession Only Confidential Material may only be held in the possession of the following persons and is subject to the following conditions:

i.      Counsel of record for the Parties to the Action, now or in the future, their respective associates, partners, law clerks, paralegals, legal assistants, secretaries, and other support staff who are actively engaged in assisting such attorneys in the prosecution or defense of the Action; provided, however, that the employees of such counsel to whom such access is permitted shall, prior to such access or disclosure, be advised of the provisions of this Protective Order and shall be instructed to comply with it;

ii.      Independent experts and consultants employed, consulted or retained in the Action by a Party or the attorneys for a Party to perform investigative work, research, analysis, expert testimony and other services specifically related to the prosecution, defense or settlement of the Action; provided, however, that the experts or consultants to whom such possession is permitted shall, prior to such access or disclosure, be advised of the provisions of this Protective Order and shall be instructed to comply with it;

JOINT STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE:
CONFIDENTIALITY OF DOCUMENTS AND INFORMATION

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

iii.     Deposition reporters and their support personnel for purposes of preparing deposition transcripts provided, however, that those to whom such possession is permitted shall, prior to such possession, be advised of the provisions of this Protective Order and shall be instructed to comply with it;

iv.     The Court, case manager, reporters, or other personnel assigned to the Action;

v.     Any discovery referee that may be assigned to the Action;

b.     Including Parties as defined above, the following persons may be *shown* but *not given possession* of Counsel's Possession Only Confidential Materials, subject to the following conditions:

i.     Any witness in a deposition in the Action, where Counsel's Possession Only Confidential Material is relevant to the subject matter the deponent would be likely to have knowledge; provided, however, that any such witness, shall, prior to any disclosure, prior to such access or disclosure, be advised of the provisions of this Protective Order and shall be instructed to comply with it;

ii.     The author(s), sender(s), addressee(s) and copy recipient(s) of the Counsel's Possession Only Confidential Material;

iii.     Percipient witnesses called to testify at trial, but only for purposes of such trial testimony.

9.     Attorneys' Eyes Only Confidential Material.  Unless otherwise ordered by the Court or permitted in writing by the designating party, a party receiving Attorneys' Eyes Only Confidential Material may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to:

a.     Outside counsel of record in this Action for the party receiving the materials, as well as employees of said counsel to whom it is reasonably necessary to disclose the information for this Action and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

b.    The Court and his personnel;

c.    Court reporters, their staff, and professional vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

d.    Any other person(s) only with the *express written permission of the producing/designating party*, which shall not be unreasonably withheld (1) to whom disclosure is reasonably necessary for this Action, and (2) who have signed the "Agreement to Be Bound by Protective Order";

10.    Unless the Court orders otherwise, Confidential Material may be filed with the Court in the Action, or offered as evidence at trial in the Action, only in accordance with the provisions of Local Rule 79-5.1, the rules and requirements of Honorable Andre Birotte, Jr., Honorable Jean Rosenbluth, and the Central District's Pilot Program for the filing of Documents under Seal.  Specifically, the procedures set forth in Local Rule 79-5.1, the rules and requirements of Honorable Andre Birotte, Jr., Honorable Jean Rosenbluth, and the Central District's Pilot Program for the filing of Documents under Seal shall govern the manner in which Confidential Material must be lodged conditionally under seal, subject to an order directing the Confidential Material be filed under seal.

11.    If any Confidential Material or its contents is presented at, or is the subject of inquiry during a deposition, counsel for the Party whose Confidential Material is to be disclosed or inquired into shall notify the deposition reporter to separately transcribe the portion of the deposition testimony during which Confidential Material is discussed.  That portion of the deposition that may reveal Confidential Material or its contents shall be conducted (unless otherwise agreed to by counsel for all Parties in writing or upon the record of the deposition) under circumstances such that only the deposition reporter and persons duly authorized under Paragraphs 7 and 8 herein to have access to such Confidential Material, as the

JOINT STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE:
CONFIDENTIALITY OF DOCUMENTS AND INFORMATION

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

case may be, shall be present. The transcript of such portion of the deposition itself shall be deemed, as appropriate, Basic Confidential Material, Counsel's Possession Only Confidential Material, or Attorneys' Eyes Only Confidential Material, and such portion of the deposition transcript shall be separately transcribed and stamped with the appropriate legal legend as specified in Paragraph 2, above. This Protective Order does not preclude presenting the original of the transcript in its entirety to the deponent for review, correction and signing, nor does it preclude delivery by the reporter of copies of deposition transcripts containing or annexing Confidential Material, in their entirety and marked with the legend or legends provided above, to outside counsel for the Parties to this Protective Order, which transcripts shall then be maintained by such outside counsel in accordance with the provisions of this Protective Order.

12.    Any Party's attorney of record may use Confidential Information in document requests, written interrogatories, and requests for admission served upon the opposing party, or for any other purpose in this Action. Such document requests, interrogatories, and requests for admission, and responses thereto, to the extent that they contain or disclose Confidential Information, shall be marked with the appropriate designation, and shall be delivered only to Counsel, to the Parties as appropriate or to other persons designated in paragraphs 7 or 8 above, and only under the conditions therein described.

13.    Before disclosing Confidential Material to any persons (other than pursuant to Paragraphs 7(f),(g) and (h) or 8 (a)(i), a(iv), (b(ii), or 9(a), (b) hereof) authorized to receive it under Paragraphs 7 and 8 of this Protective Order, counsel for the Party seeking to disclose such Confidential Material shall provide a copy of this Protective Order to such persons, shall advise them that they are governed by its provisions and shall instruct them not to use the Confidential Material in any manner contrary to the terms of this Protective Order. Counsel seeking to disclose

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

such Confidential Material shall cause each such person(s) to execute the "Consent to be Bound," the form of which is attached hereto as Exhibit "A."

14. This Protective Order shall be without prejudice to the rights of the Parties to apply to the Court for additional, different or removal of protection if they deem it necessary to do so. The terms of this Protective Order shall not affect the right of any person to seek and secure greater protection for particularly sensitive information or to seek whatever further relief is available under the Federal Rules of Civil Procedure and Evidence, or other Federal law. Any motion seeking additional, different or removal of protection shall be filed in compliance with Local Rule 37.

15. This Protective Order shall continue in full force and effect with respect to all Confidential Material throughout the discovery proceedings in this case. The parties shall discuss the use of any Confidential Material during pretrial and trial proceedings with Honorable Andre Birotte, Jr. All Confidential Material not allowed during pretrial or trial proceedings shall be returned to the Party who produced it and no Party, expert, consultant or any other person or entity to whom such Confidential Material was produced shall retain any copies or any such Confidential Material. At the conclusion of the Action (including appeal), all such Confidential Material not previously returned shall be returned to the Party who produced it and no Party, expert, consultant or any other person or entity to whom such Confidential Material was produced shall retain any copies or any such Confidential Material.

16. This Protective Order is without prejudice to the right of any party to object to the discovery, production and/or admissibility of any information, document or evidence on grounds other than confidentiality or to bring before the Court at any time the question of whether any particular information is or is not relevant to any issues in, or to the subject matter of, the Action, and such right is

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

hereby expressly reserved.  The designation of such information as Confidential Material pursuant to this Protective Order shall not be construed as an admission of the relevance of such Confidential Material in the Action.

17.    In the event any person or party in the Action receives a court order, process or subpoena seeking the disclosure of Confidential Material, such person or party shall promptly notify each of the Parties through their attorneys of record, shall furnish each of the Parties through their attorneys of record with a copy of the court order, process or subpoena, and shall not interfere with respect to any procedure sought to be pursued by any Party whose interests may be affected by such disclosure.  The Party asserting that documents or information subject to the court order, process or subpoena constitute Confidential Material shall have the burden of defending against such court order, process or subpoena.  The Party receiving the court order, process, or subpoena shall, once sufficient notice to all other Parties has been given and the Parties have had a reasonable opportunity to object (but in no case less than ten (10) days after notice), be entitled to comply with it except to the extent a Party has filed for or succeeded in obtaining an order modifying or quashing the court order, process, or subpoena.

18.    In the event Confidential Information is disclosed to any person other than in a manner authorized by this Order, the party or non-party responsible for or with knowledge of the disclosure shall immediately inform the designating party of all known non-privileged facts pertinent to the disclosure, including the name and address of the person to whom the disclosure was made.  The disclosing party or non-party shall immediately make all reasonable efforts to prevent further unauthorized disclosure and to retrieve the disclosed Confidential Information.

19.    Nothing contained herein shall prevent any Party from using or disclosing its own Confidential Material without having to comply with the terms of this Protective Order.The Court shall retain jurisdiction to make such

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

- 13 -

amendments, modifications, deletions and additions to this Protective Order as the Court may from time to time deem necessary or appropriate.

20.     This Protective Order shall remain in full force and effect until another order, if any, modifies, supersedes or terminates it, and shall be enforceable as any other order of the Court. This Order shall survive the final termination of this Action, to the extent that the documents or records designated as Confidential matrial is not or does not become known to the public, and the court shall retain jurisdiction to resolve any dispute concerning the use of Confidential Material.

21.     Notwithstanding whether this Protective Order becomes an order of the Court, or is modified by the Court, the Parties hereto agree to be bound by the terms of the Protective Order until such time as it is superseded by order of the Court.

It is so stipulated.

DATED: 3/5/2015        **LAW OFFICE OF ESPERANZA CERVANTES ANDERSON**


By:_____/s/_____
         Esperanza Cervantes Anderson, Esq.
         Attorney for Plaintiff
         EDUARDO URIBE


DATED:  3/5/2015        **JACKSON LEWIS LLP**


By: _____/s/_____
         Cynthia S. Sandoval, Esq.
         Lina Nasry, Esq.
         Attorney for Defendant
         BIMBO BAKERIES USA, INC.

JOINT STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE:
CONFIDENTIALITY OF DOCUMENTS AND INFORMATION

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

1

2

## **[PROPOSED] ORDER**

3

4

    Based upon the foregoing Revised Stipulation and [Proposed] Protective

5

Order Re: Confidentiality of Documents and Information, and for good cause

6

shown, IT IS SO ORDERED.

7

Dated:  March 20, 2015

8

                Hon. Jean P. Rosenbluth

9

                United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

JOINT STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE:
CONFIDENTIALITY OF DOCUMENTS AND INFORMATION

1
2

**<u>EXHIBIT "A"</u>**

3

**FORM OF CONSENT TO BE BOUND**

4

I, _____, declare as follows:

5

1.      I have been provided with a copy of the Stipulation and Order Re:

6

Confidentiality of Documents and Information issued in *Eduardo Uribe v. Bimbo*

7

*Bakeries USA, Inc.,* United States District Court for the Central District of the State

8

of California, Case No. 2:14-cv-05007-ABC-JPR., and have read and understand its

9

terms.

10

2.      I hereby consent to be bound by the terms of the Stipulation and Order.

11

I further consent to the jurisdiction of the United States District Court for the

12

Central District of California, for the purposes of any proceeding to enforce the

13

terms of the Stipulation and Order or to punish the breach thereof.

14

I declare under penalty of perjury under the laws of the United States that the

15

foregoing is true and correct.

16
17

Executed on _____, 2015 at _____.

18

(date)                                (city and state)

19
20
21
22
23
24

4832-4439-2738, v.  2

25
26
27
28

- 16 -

JOINT STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE:
CONFIDENTIALITY OF DOCUMENTS AND INFORMATION

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA